# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ANGELA R. TOTTY, | ) |
| Plaintiff, | ) NO. 1:20-cv-00002 |
| v. | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE HOLMES |
| FPMCM, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM

Pending before the Court is Defendant FPMCM, LLC's ("Fast Case") motion to dismiss the First Amended Complaint. (Doc. No. 21). Plaintiff filed a Response (Doc. No. 27) and Defendant filed a Reply (Doc. No. 28). For the reasons stated below, Defendant's Motion to Dismiss will be **DENIED**.

### I. BACKGROUND

Defendant Fast Case provides medical services at various locations in Tennessee. (Doc. No. 16, ¶ 4). Plaintiff began employment at Fast Case in May 2017. (*Id*., ¶ 10). At that time her duties included cash applications, code billing, and collections. (*Id*., ¶¶ 10, 14). At some during her employment, Defendant split the job into three specialized positions. (*Id*., ¶ 14). Plaintiff was assigned to collections, which required her to talk to customers on the phone. (*Id*., ¶ 17).

In March 2018, Plaintiff suffered an illness that left her voice weak – she was unable to speak above a whisper. (*Id*., ¶ 11). On April 6, 2018, she was diagnosed with laryngitis and advised to not work for a week. (*Id*.). After taking a week off, she returned to work on May 3, 2018, but her voice problems returned in a few days. (*Id*.). She returned to the doctor, and was advised to take off another week to rest her voice. (*Id*.). She returned again and within a few days the problem

returned. (*Id.*). She again sought treatment and was advised to take another week off to rest her voice. (*Id.*). Plaintiff returned from work after the third hiatus and continued to experience problems with her voice. (*Id.*). On June 5, 2018, she saw a new doctor, but did not take additional time off work at that time. (*Id.*, ¶ 12).

Plaintiff requested to transfer positions to work as a cash application specialist, a position that would not require speaking to the public or interacting with co-workers on a daily basis. (*Id.*, ¶¶ 18-20). Plaintiff listed the "reason for transfer" as "severe 'vocal issues.'" (*Id.*). On June 13, 2018, Jennifer Weaver, a manager, interviewed Plaintiff for the cash application specialist position. (*Id.*, ¶ 18). Plaintiff alleges that, during the interview, she could barely speak above a whisper and they had to move to a quieter room so that she could be heard. (*Id.*). Defendant did not transfer Plaintiff to the requested position. (*Id.*).

Plaintiff continued working until June 22, 2018, and her voice became progressively worse. (*Id.*, ¶ 12). Around that time, a doctor diagnosed pharyngeal erythema and hoarseness and Plaintiff again took off work for a few days. (*Id.*). She began Family Medical Leave Act ("FMLA") leave on June 28, 2018. (*Id.*, ¶¶ 12, 27).

On July 17, 2018, Plaintiff saw a specialist who diagnosed her with vocal paresis and placed her on limited work and strictly limited vocal use. (*Id.*, ¶¶ 13, 15). On September 23, 2018, when her FMLA leave was close to ending, Plaintiff contacted the human resources department about being assigned to available positions of cash application specialist or billing specialist. (*Id.*, ¶ 21). She was not approved for either position and was terminated the following day. (*Id.*).

Plaintiff filed this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.*, alleging Defendant failed to reasonably accommodate her disability by failing to

place her in an available job where she was not required to speak. Defendant filed the instant motion to dismiss.

## II. STANDARD OF REVIEW

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true as the Court has done above. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 678; *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing

plausibility of entitlement to relief. As suggested above, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The question is whether the remaining allegations – factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed under Rule 12(b)(6). *Id*. at 683.

### III. ANALYSIS

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to …[the] terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The Act requires employers make "reasonable accommodations to known physical or mental limitations of an otherwise qualified individual with a disability … unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the covered entity." 42 U.S.C. § 12112(b)(5)(A). To establish a failure to accommodate claim, a plaintiff must plausibly allege that: (1) she was disabled within the meaning of the ADA; (2) she was otherwise qualified for her position, with or without reasonable accommodation; (3) the employer knew or had reason to know about her disability; (4) she requested an accommodation; and (5) the employer failed to provide the necessary accommodation. *Brumley v. United Parcel Serv.*, 909 F.3d 834, 839 (6th Cir. 2018).

For purposes of the Motion to Dismiss, Fast Past does not dispute that Plaintiff has alleged facts to show that she was disabled within the meaning of the ADA, she was otherwise qualified for the position, and that it knew or had reason to know of her "vocal issues." Defendant argues the claim should be dismissed because it did, in fact, provide reasonable accommodation to Plaintiffs vocal issues by allowing her time off as recommended by her doctor. Defendant argues, "[T]he issue raised in Fast Pace's Motion to Dismiss is not whether Plaintiff's vocal paresis

4

constitutes a disability, but rather whether Fast Pace was required to grant Plaintiff's request for reassignment … Even if Plaintiff's voice issues constituted a disability, Plaintiff cannot state a claim as a matter of law because her own allegations plainly show that Fast Pace reasonably accommodated her with leave and was not required to reassign her." (Doc. No. 28 at 1-2).

Defendant also contend that Plaintiff's allegations regarding the request she made at the end of her FMLA leave to be placed in a different position are deficient. Defendant argues that she did not allege that human resources director was aware of her disability, that the requested transfer was to accommodate her disability, or that reassignment was required. (*Id*. at 3).

Defendant's arguments are without merit. At this state in the litigation, Plaintiff need only plausibly allege the elements of a claim, and, reading the Complaint in the light most favorable to the Plaintiff, the Court finds that she has done so here. Plaintiff alleges, and for purposes of this motion, Defendant does not contest, that she was disabled within the meaning of the ADA because she was severely limited in the use of her voice. She alleges Defendant was aware of her "voice issues" because she frequently could not speak above a whisper and allowed her to take time off to address the problem. She alleges she has successfully done the work required in the positions for which she sought a transfer and is therefore qualified for those positions. Finally, Plaintiff alleges that Defendant denied her request to transfer to a position that would not require her to speak daily. Whether the requested transfer is was a necessary or reasonable accommodation is not a matter to be determined at this stage in the litigation.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss is **DENIED**. An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE