IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| ANGELA R. TOTTY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20-cv-00002 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| FPMCM, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant FPMCM LLC's ("Fast Pace") Motion to Enforce Settlement Agreement (Doc. No. 77). Through the motion, Defendant seeks the Court enter an order directing Plaintiff Angela Totty to pay Fast Pace $10,871.67, an alleged overpayment under the parties' settlement agreement, and to award costs and fees incurred as a result of Plaintiff's non-payment and prejudgment and post-judgment interest. Plaintiff did not file a response to the motion.

### I.      BACKGROUND

This is an employment discrimination case that was settled after mediation. Pursuant to the parties' joint stipulation of dismissal, the case was dismissed with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (*See* Doc. No. 76).

The parties entered into a settlement agreement pursuant to which Plaintiff was to be paid "wages in the amount of Thirty-Six Thousand, Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($36,666.67), less applicable withholdings" plus additional amounts that are not at issue. (*See* Def. Ex. B, Doc. No. 77-3). Defendant issued a check to Plaintiff for the full amount of $36,666.67 without deducting amounts for "applicable withholdings." Defendant contends that it should have deducted $10,871.67 from the amount paid to Plaintiff for tax withholdings.

1

Defendant notified Plaintiff of the error by letter dated April 21, 2022, demanding Plaintiff repay the alleged amount of overpayment within seven days. (Def. Ex. C, Doc. No. 77-4). Plaintiff responded that she disagreed about the amount of overpayment, asserting that the correct withholding should have been $6,477.36. (Def. Ex. D, Doc. No. 77-5). The parties proceed to argue about the appropriate amount of withholding for several months. (*See* Def. Exs. E, F). They were unable to come to an agreement and Defendant filed the instant Motion on September 21, 2022. (Doc. No. 77).

## II. LAW AND ANALYSIS

"Enforcement of the settlement agreement, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *RE/MAX Intern v. Realty One*, 271 F.3d 633, 641 (6th Cir. 2001 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)). The Sixth Circuit has instructed that "[a] district court retains jurisdiction to enforce a settlement agreement if it either (1) has language in the dismissal order indicating its retention of jurisdiction, or (2) incorporates the terms of the settlement agreement into the dismissal order." *Hehl v. City of Avon Lake*, 90 Fed. App'x 797, 801 (6th Cir. 2004). The party seeking to invoke the subject matter jurisdiction of the Court bears the burden of showing the matter is properly before the Court. *Hehl v. City of Avon Lake*, 90 Fed. App'x 797, 801 (6th Cir. 2004).

Defendant contends the Court has authority to enforce the settlement agreement between the parties in this case. In support of this argument, Defendant relies upon the Report and Recommendation of the Magistrate Judge in *Coleman v. Capital Link Management, LLC*, 2022 WL 3651965 (M.D. Tenn. Aug. 24, 2022). What distinguishes *Coleman* from this case is that in *Coleman*, the plaintiff sought to enforce a settlement agreement after a notice of settlement but

before the case was dismissed. *See id*. at *1. Accordingly, in *Coleman*, the court retained jurisdiction over the case, including the settlement dispute.

In this case, the Court entered a final order of dismissal on March 21, 2022, pursuant to the joint stipulation of dismissal filed by the parties. (Doc. Nos. 75, 76). Nothing in the Order suggests that the Court retained jurisdiction over the parties' settlement agreement. The Order of Dismissal succinctly states, "Pursuant to the Stipulation of Dismissal (Doc. No. 75) filed by the Parties, this case is hereby **DISMISSED WITH PREJUDICE** under Rule 41(a)(1)(A)(ii)." (Doc. No. 76). Indeed, although the existence of a settlement is implied by the fact of settlement, none of the filings specifically mention a settlement agreement or request the Court to retain jurisdiction over the enforcement of the agreement.

Accordingly, the Court finds that it lacks subject matter jurisdiction to entertain Defendant's motion to enforce the settlement agreement.

### III.   CONCLUSION

Because the Court does not have subject matter jurisdiction to enforce the settlement agreement, Defendant's Motion to Enforce Settlement Agreement (Doc. No. 77) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE